1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DAVID LEON HAWKINS, SR.,

11              Plaintiff,                No. 2:11-cv-1016 JAM JFM P

12        vs.

13   MOON Y. JEU, et al.,

14              Defendants.              <u>ORDER</u>

15   _____/

16         Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

17   42 U.S.C. §  1983.  On May 25, 2012, defendants Ball, Cardeno, Deems, Jeu, Lee, Reddy,

18   Sahota, and Stocker filed a motion to dismiss pursuant to Fed. R. Civ. P. 41(b).  On May 25,

19   2012, defendant Brown filed a joinder in the motion.  Plaintiff has not filed an opposition to the

20   motion.

21         On June 5, 2012, defendants Ball, Cardeno, Deems, Jeu, Lee, Reddy, Sahota, and

22   Stocker filed a motion for summary judgment in this action pursuant to Federal Rule of Civil

23   Procedure 56.  Plaintiff has not filed an opposition to the motion.

24         Pursuant to <u>Woods v. Carey</u>, ___ F.3d ___, 2012 WL 2626912 (9th Cir. 2012),

25   <u>Rand v. Rowland</u>, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), and <u>Klingele v. Eikenberry</u>, 849

26   F.2d 409 (9th Cir. 1988), the court hereby once again informs plaintiff of the following

1

1  requirements for opposing a motion for summary judgment pursuant to Fed. R. Civ. P. 56.[1]  Such

2  a motion is a request for an order for judgment in favor of the defendant without trial.  A

3  defendant's motion for summary judgment will set forth the facts that the defendant contends are

4  not reasonably subject to dispute and that entitle the defendant to judgment.  To oppose a motion

5  for summary judgment, plaintiff must show proof of his or her claims.  Plaintiff may do this in

6  one or more of the following ways.  Plaintiff may rely on plaintiff's statements made under

7  penalty of perjury in the complaint if the complaint shows that plaintiff has personal knowledge

8  of the matters stated and plaintiff specifies those parts of the complaint on which plaintiff relies.

9  Plaintiff may serve and file one or more affidavits or declarations setting forth the facts that

10  plaintiff believes prove plaintiff's claims; the person who signs an affidavit or declaration must

11  have personal knowledge of the facts stated.  Plaintiff may rely on written records, but plaintiff

12  must prove that the records are what plaintiff asserts they are.  Plaintiff may rely on all or any

13  part of the transcript of one or more depositions, answers to interrogatories, or admissions

14  obtained in this proceeding.  If plaintiff fails to contradict the defendant's evidence with

15  counteraffidavits or other admissible evidence, the court may accept defendant's evidence as true

16  and grant the motion.  If there is some good reason why such facts are not available to plaintiff

17  when required to oppose a motion for summary judgment, the court will consider a request to

18  postpone consideration of the defendant's motion.  See Fed. R. Civ. P. 56(d).  If plaintiff does

19  not serve and file a written opposition to the motion, or a request to postpone consideration of the

20  motion, the court may consider the failure to act as a waiver of opposition to the defendant's

21  motion.  See L.R. 230(l).  If the court grants the motion for summary judgment, whether opposed

22  or unopposed, judgment will be entered for the defendant without a trial and the case will be

23  closed as to that defendant.

24  /////

25

26  [1]  Plaintiff was informed of these requirements in an order filed August 23, 2011 and in a
supplemental notice filed by defendants on July 17, 2012.

1   As noted above, plaintiff has not opposed either motion.  Local Rule 230(l)

2   provides in part:  "Failure of the responding party to file written opposition or to file a statement

3   of no opposition may be deemed a waiver of any opposition to the granting of the motion . . . ."

4   On August 23, 2011, plaintiff was advised of the requirements for filing an opposition to motions

5   pursuant to, inter alia, Fed. R. Civ. P. 41 and 56, and that failure to oppose such a motion may be

6   deemed a waiver of opposition to the motion.

7   Local Rule 110 provides that failure to comply with the Local Rules "may be

8   grounds for imposition of any and all sanctions authorized by statute or Rule or within the

9   inherent power of the Court."  In the order filed August 23, 2011, plaintiff was advised that

10  failure to comply with the Local Rules may result in a recommendation that the action be

11  dismissed.

12  Good cause appearing, IT IS HEREBY ORDERED that, within thirty days of the

13  date of this order, plaintiff shall file an opposition, if any he has, to the motion to dismiss or a

14  statement of non-opposition, and an opposition, if any he has, to the motion for summary

15  judgment or a statement of non-opposition.  Failure to comply with this order will result in

16  dismissal of this action be pursuant Federal Rule of Civil Procedure 41(b).

17  DATED: July 30, 2012.

18

19

UNITED STATES MAGISTRATE JUDGE

20

21  12

22  hawk1016.46oscntc

23

24

25

26