IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID LEON HAWKINS, SR.,

    Plaintiff,                     No. 2:11-cv-1016 JAM JFM P

    vs.

MOON Y. JEU, et al.,

    Defendants.               ORDER

_____/

       Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  On May 25, 2012, defendants Ball, Cardeno, Deems, Jeu, Lee, Reddy, Sahota, and Stocker filed a motion to dismiss pursuant to Fed. R. Civ. P. 41(b).  On May 25, 2012, defendant Brown filed a joinder in the motion.  Plaintiff has not filed an opposition to the motion.

       On June 5, 2012, defendants Ball, Cardeno, Deems, Jeu, Lee, Reddy, Sahota, and Stocker filed a motion for summary judgment in this action pursuant to Federal Rule of Civil Procedure 56.  Plaintiff has not filed an opposition to the motion.

       Pursuant to Woods v. Carey, ___ F.3d ___, 2012 WL 2626912 (9th Cir. 2012), Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988), the court hereby once again informs plaintiff of the following

1

requirements for opposing a motion for summary judgment pursuant to Fed. R. Civ. P. 56.[1]  Such a motion is a request for an order for judgment in favor of the defendant without trial.  A defendant's motion for summary judgment will set forth the facts that the defendant contends are not reasonably subject to dispute and that entitle the defendant to judgment.  To oppose a motion for summary judgment, plaintiff must show proof of his or her claims.  Plaintiff may do this in one or more of the following ways.  Plaintiff may rely on plaintiff's statements made under penalty of perjury in the complaint if the complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff specifies those parts of the complaint on which plaintiff relies.  Plaintiff may serve and file one or more affidavits or declarations setting forth the facts that plaintiff believes prove plaintiff's claims; the person who signs an affidavit or declaration must have personal knowledge of the facts stated.  Plaintiff may rely on written records, but plaintiff must prove that the records are what plaintiff asserts they are.  Plaintiff may rely on all or any part of the transcript of one or more depositions, answers to interrogatories, or admissions obtained in this proceeding.  If plaintiff fails to contradict the defendant's evidence with counteraffidavits or other admissible evidence, the court may accept defendant's evidence as true and grant the motion.  If there is some good reason why such facts are not available to plaintiff when required to oppose a motion for summary judgment, the court will consider a request to postpone consideration of the defendant's motion.  See Fed. R. Civ. P. 56(d).  If plaintiff does not serve and file a written opposition to the motion, or a request to postpone consideration of the motion, the court may consider the failure to act as a waiver of opposition to the defendant's motion.  See L.R. 230(l).  If the court grants the motion for summary judgment, whether opposed or unopposed, judgment will be entered for the defendant without a trial and the case will be closed as to that defendant.

/////

---

[1] Plaintiff was informed of these requirements in an order filed August 23, 2011 and in a supplemental notice filed by defendants on July 17, 2012.

As noted above, plaintiff has not opposed either motion. Local Rule 230(l) provides in part: "Failure of the responding party to file written opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion . . . ." On August 23, 2011, plaintiff was advised of the requirements for filing an opposition to motions pursuant to, inter alia, Fed. R. Civ. P. 41 and 56, and that failure to oppose such a motion may be deemed a waiver of opposition to the motion.

Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." In the order filed August 23, 2011, plaintiff was advised that failure to comply with the Local Rules may result in a recommendation that the action be dismissed.

Good cause appearing, IT IS HEREBY ORDERED that, within thirty days of the date of this order, plaintiff shall file an opposition, if any he has, to the motion to dismiss or a statement of non-opposition, and an opposition, if any he has, to the motion for summary judgment or a statement of non-opposition. Failure to comply with this order will result in dismissal of this action be pursuant Federal Rule of Civil Procedure 41(b).

DATED: July 30, 2012.

UNITED STATES MAGISTRATE JUDGE

12
hawk1016.46oscntc