IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID LEON HAWKINS, SR.,

    Plaintiff,                      No. 2:11-cv-1016 JAM JFM P

    vs.

MOON Y. JEU, et al.,

    Defendants.                FINDINGS AND RECOMMENDATIONS

                                /

          Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On May 25, 2012, defendants Ball, Cardeno, Deems, Jeu, Lee, Reddy, Sahota, and Stocker filed a motion to dismiss pursuant to Fed. R. Civ. P. 41(b). On May 25, 2012, defendant Brown filed a joinder in the motion. On June 5, 2012, defendants Ball, Cardeno, Deems, Jeu, Lee, Reddy, Sahota, and Stocker filed a motion for summary judgment.

          On August 23, 2011, the court advised plaintiff of the requirements for opposing a motion pursuant to Rule 41 of the Federal Rules of Civil Procedure. In addition, on August 23, 2011 and July 31, 2012, the court advised plaintiff of the requirements for opposing a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. See Woods v. Carey, 684 F.3d 934 (9th Cir. 2012), Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc) and Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir. 1988). In those same orders,

1  plaintiff was advised of the requirements for filing an opposition to the pending motion and that
2  failure to oppose such a motion might be deemed a waiver of opposition to the motion.
3        On July 31, 2012, plaintiff was ordered to file an opposition or a statement of non-
4  opposition to the pending motion within thirty days.  In the same order, plaintiff was informed
5  that failure to file an opposition would result in a recommendation that this action be dismissed
6  pursuant to Fed. R. Civ. P. 41(b).  The thirty day period has now expired and plaintiff has not
7  responded to the court's order.
8        "Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss
9  an action for failure to comply with any order of the court."  Ferdik v. Bonzelet, 963 F.2d 1258,
10 1260 (9th Cir. 1992).  "In determining whether to dismiss a case for failure to comply with a
11 court order the district court must weigh five factors including:  '(1) the public's interest in
12 expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of
13 prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits;
14 and (5) the availability of less drastic alternatives.'"  Ferdik, 963 F.2d at 1260-61 (quoting
15 Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)); see also Ghazali v. Moran, 46
16 F.3d 52, 53 (9th Cir. 1995).
17       In determining to recommend that this action be dismissed, the court has
18 considered the five factors set forth in Ferdik.  Here, as in Ferdik, the first two factors strongly
19 support dismissal of this action.  The action has been pending for almost eighteen months and
20 has reached the stage, set by the court's November 8, 2011 and April 19, 2012 orders, for
21 resolution of dispositive motions and, if necessary, preparation for pretrial conference and jury
22 trial. (See Scheduling Order, filed November 8, 2011; Order filed April 19, 2012.)  Plaintiff's
23 failure to comply with the Local Rules and the court's July 31, 2012 order suggests that he has
24 abandoned this action and that further time spent by the court thereon will consume scarce
25 judicial resources in addressing litigation which plaintiff demonstrates no intention to pursue.
26 /////

The fifth factor also favors dismissal. The court has advised plaintiff of the requirements under the Local Rules and granted ample additional time to oppose the pending motion, all to no avail. The court finds no suitable alternative to dismissal of this action.

Under the circumstances of this case, the third factor, prejudice to defendants from plaintiff's failure to oppose the motions, should be given little weight. Plaintiff's failure to oppose the motions does not put defendants at any disadvantage in this action. See Ferdik, 963 F.2d at 1262. Indeed, defendants would only be "disadvantaged" by a decision by the court to continue an action plaintiff has abandoned. The fourth factor, public policy favoring disposition of cases on their merits, weighs against dismissal of this action as a sanction. However, for the reasons set forth supra, the first, second, and fifth factors strongly support dismissal and the third factor does not mitigate against it. Under the circumstances of this case, those factors outweigh the general public policy favoring disposition of cases on their merits. See Ferdik, 963 F.2d at 1263.

For the foregoing reasons, IT IS HEREBY RECOMMENDED that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The

/////
/////
/////
/////
/////

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 14, 2012.

_____
UNITED STATES MAGISTRATE JUDGE

12
hawk1016.46fr